ROSE, PLAINTIFF, v. ROSE, A MINOR, DEFENDANT.

Common Pleas Court, Meigs County.

No. 12998. Decided December 22, 1960.

*Messrs. Crow, Crow & Porter*, for plaintiff.
*Mr. J. B. O'Brien*, for defendant.

BACON, J. Application for relief in the matter of child support ordered in divorce decree filed June 22, 1960, principal reason given that plaintiff's anticipated employment at time the order was made did not materialize.

Plaintiff is now 22, defendant 18. Their child was born October 31, 1959. No proof was offered that plaintiff was a retarded child, but in answer to the court's inquiries the evidence is that plaintiff's education terminated at Letart Grade School when he had advanced only as far as the 6th Grade. He has a brother 19, whose education terminated in the 7th Grade.

Except for a brief stint clearing timber for right of ways plaintiff has been able to obtain employment only through the intervention of his father, an employee of an Ohio River gravel company. Plaintiff's father met the decree's child support order by reason of the fact the gravel company had no employment for plaintiff save a watchman's shift every other Sunday night.

Unemployment is rampant in this area at this time. Defendant's father is now unemployed, his present income, unemployment compensation. The gravel business is seasonal. The advent of cold weather has curtailed employment for plaintiff's father. He now feels the "pinch."

Following the divorce defendant reentered high school where she is now a "Junior." No evidence was offered in regard to the courses pursued, nor her aptitude for acquiring knowledge or skills that might serve her when she reenters the highly competitive world from which she is temporarily sheltered. The daytime care of the child the defendant has surrendered to her mother.

Defendant's father testified mainly to emphasize why the support order should remain at $10 weekly. He and his wife live in Syracuse, they have five children, including the defendant, all in school. According to him "$10 doesn't cover it," in tenor with the old saw judges hear, day in and day out, "Anyone knows you can't keep a child on that." Queried by the court as to actual dollars and cents outlay, his answer was 50c daily for milk and a vague "besides formula, clothing and doctor bills." In the absence of other proof it is assumed the child is a healthy 14-month-old infant.

The financial base of this marriage was little more than silt. In fact without parental assistance the physical survival of the parties was threatened, leaving out of consideration the survival of the marriage.

The sad truth is that plaintiff has never been able to fully support himself. Has the filing of the divorce decree suddenly enabled him to pay the sum ordered? It is no surprise to find that it has not. Then does the court away with him to the penitentiary to be confined with the state's felons?

Does the court keep the delinquent confined for contempt of court for the nonperformance of something he never at any time possessed the ability to perform?

Must the delinquent's parents pay the "ransom" when he is seized in criminal proceedings?

Defendant's father on occasion was able to obtain compliance with the support order by instituting prosecutions under Section 3113.01, Revised Code, which makes it a felony to fail to provide for one's child under 18 year of age. Plaintiff's father made the payment from his wages as repairman of the equipment of the Tri-State Materials Co., in order that the criminal proceedings against his son might be withdrawn.

Admittedly questions of child support are trying ones to court and juries. One difficulty is that apparently the admonition under Section 3113.02, Revised Code, that one must be acquitted if it appears he was, because of lack of property or earnings, inability to secure employment, or physically unable to labor, comes into play only upon a trial. Surely examining magistrates and grand juries should inquire into such matters.

In the instant case were the grand jury to indict plaintiff, apparently he has not the means to employ a lawyer to defend the charge. His court-appointed counsel in his trial could aver that as proof of his inability the public was compelled to provide his lawyer in his effort to maintain his liberty.

We do not have here a college graduate or a man of experience with employers seeking him out, but a 22 year old boy who could not finish grammar school, dependent upon his father for support. Not even his father's long experience with the gravel company prevailed and the son's anticipated employment failed to materialize so that the basis of the court's former order was mistaken.

574

Finding such proof that the former order of the court was based upon mistake, it is ordered that the former decree of the court be amended in the sole particular that plaintiff pay until the further order of the court $25.00 monthly for his child's support, commencing with the 22nd day of December, 1960; that he pay like sum on the 22nd day of each succeeding month thereafter until further order of the court.

Counsel may prepare a journal entry so providing, with exceptions saved to defendant.